## THE MAINE.[1]

### VAN WIE *et al. v.* THE MAINE *et al.*

*(District Court, E. D. New York.  May 10, 1890.)*

COLLISION—BETWEEN STEAMERS—OVERTAKING VESSEL—EVIDENCE.
   A collision occurred between the tug-boat E. H. and the ferry-boat M. in the East river. Both vessels had been lying bows up-stream,—the tug-boat further up than the ferry-boat. The question in the case was whether the collision was caused by the ferry-boat moving up against the tug, or by the tug backing down upon the ferry-boat. *Held*, that the weight of evidence showed the collision to have been caused by the backing of the tug against the ferry-boat, and the tug's libel to recover her damages was therefore dismissed.

In Admiralty. Action to recover damages for collision.
*Carpenter & Mosher*, for libelants.
*Wilcox, Adams & Macklin*, for claimants.

BENEDICT, J. This is an action to recover of the steam ferry-boat Maine for damages received by the tug-boat Edwin Hawley in a collision which happened on the occasion of the naval display at the centennial

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

exhibition of 1889. The two boats were lying near the foot of Wall street, between the steamer Despatch, which had the President and his Cabinet on board, and the New York shore, waiting to see the disembarkation of the President from the Despatch. The tug-boat was lying further up the river than the ferry-boat; both vessels lying bows up the river. The case turns upon the question whether the collision was caused by the ferry-boat moving up the river against the stern of the tug, lying still ahead of her, or by the tug backing down upon the bow of the Maine, lying still astern of her. Upon this question a great number of witnesses have been called by each side,—some 27 in all, I believe; and I cannot doubt that the clear weight of the evidence is in favor of the position taken by the ferry-boat, that the collision was caused by the backing down of the tug upon the Maine, and not by the Maine's moving up against the tug. Let the libel be dismissed, with costs.